ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT INQUIRY TO THIS OFFICE CONCERNING THE APPLICATION OF 51 O.S. 6 (1990) TO THE FOLLOWING QUESTION.
CAN A MEMBER OF A CITY OR COUNTY PUBLIC HOSPITAL BOARD ALSO SERVE AS A TRUSTEE OF A PUBLIC TRUST ESTABLISHED TO PROVIDE EMERGENCY MEDICAL SERVICES WITH A CITY OR COUNTY AS THE BENEFICIARY?
BECAUSE YOUR QUESTION MAY BE ANSWERED BY A CLEAR READING OF THE CONTROLLING STATUTE, THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY.
TITLE 51 O.S. 6 (AS LAST AMENDED BY 9 OF SENATE BILL 111), COMMONLY REFERRED TO AS THE DUAL OFFICE HOLDING STATUTE, PROVIDES IN PERTINENT PART AS FOLLOWS:
 "EXCEPT AS MAY BE OTHERWISE PROVIDED, NO PERSON HOLDING AN OFFICE UNDER THE LAWS OF THE STATE . . . SHALL, DURING HIS TERM OF OFFICE, HOLD ANY OTHER OFFICE. . . . THE PROVISIONS OF THIS SECTION SHALL NOT APPLY TO:
* * *
 5. ANY PERSON HOLDING A COUNTY OR MUNICIPAL OFFICE OR POSITION, OR MEMBERSHIP ON ANY PUBLIC TRUST AUTHORITY, WHO IS A MEMBER OF A BOARD OR COMMISSION THAT RELATES TO FEDERAL, STATE, COUNTY OR MUNICIPAL GOVERNMENT AND IS CREATED BY THE UNITED STATES GOVERNMENT, THE STATE OF OKLAHOMA OR A POLITICAL SUBDIVISION OF THE STATE, EXCEPT WHERE THE DUTIES OF THE OFFICES OR POSITIONS CONFLICT;
* * *
 7. ANY TRUSTEE OF A PUBLIC TRUST, WHO IS APPOINTED AS A TRUSTEE OF A DIFFERENT PUBLIC TRUST(.)"
IT IS CONCEIVABLE THAT A CITY OR COUNTY PUBLIC HOSPITAL COULD BE OPERATED THROUGH A TRUST AUTHORITY OR OPERATED DIRECTLY BY THE CITY OR COUNTY. IF THE POSITIONS IN QUESTION ARE BOTH TRUSTEES OF A PUBLIC TRUST THE EXCEPTION PROVIDED IN SUBSECTION 7 WOULD PERMIT THE HOLDING OF BOTH OFFICES. THEREFORE HOLDING A POSITION AS TRUSTEE ON THE TWO PUBLIC TRUSTS REFERENCED ABOVE WOULD NOT BE PROHIBITED.
IF THE PERSON IS ON A BOARD OWNED AND CONTROLLED DIRECTLY BY THE CITY OR COUNTY, THE FIFTH EXCEPTION WOULD APPLY. THE HOSPITAL POSITION IS CLEARLY A "COUNTY OR MUNICIPAL OFFICE" AND THE POSITION ON THE TRUST BOARD IS CERTAINLY "A BOARD . . . THAT RELATES TO . . . COUNTY OR MUNICIPAL GOVERNMENT AND IS CREATED BY . . . A POLITICAL SUBDIVISION OF THE STATE."
IT MUST BE POINTED OUT, HOWEVER, THAT THERE IS A STRONG CAVEAT ACCOMPANYING THIS PERMISSIBLE "DUAL OFFICE HOLDING". AN INDIVIDUAL MAY NOT HOLD BOTH OFFICES WHERE THE DUTIES OF THE OFFICES . . . CONFLICT. "IT IS QUITE POSSIBLE THAT MEMBERSHIP ON A HOSPITAL BOARD MAY CONFLICT WITH MEMBERSHIP ON A BOARD PROVIDING AMBULANCE OR OTHER SERVICES TO THAT FACILITY. SUCH CONFLICTS CANNOT BE DETERMINED AS A MATTER OF LAW.
(THOMAS L. SPENCER)